ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| TRANSPORTE RODRÍGUEZ ASFALTO, INC.<br><br>Parte Recurrente<br><br><br>v.<br><br><br><br>JUNTA DE SUBASTAS MUNICIPIO DE CIALES<br><br>Parte Recurrida<br><br><br>ASPHALT SOLUTIONS TOA ALTA, LLC.<br>(Licitador Agraciado) | TA2026RA00302 | *Revisión Judicial,* procedente de la Junta de Subastas del Municipio de Ciales<br><br><br>Caso Núm.:<br>Subasta General<br>2026-2027-01<br><br><br>Sobre:<br>Impugnación de Subasta Municipal |

Panel integrado por su presidenta, la Jueza Romero García, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de junio de 2026.

Compareció ante este Tribunal la parte recurrente, Transporte Rodríguez Asfalto Inc. (en adelante, "Transporte Rodríguez" o "Recurrente"), mediante recurso de revisión judicial presentado el 4 de junio de 2026. Nos solicitó la revocación de la *Carta de No Adjudicación* emitida por la Junta de Subastas del Municipio de Ciales (en adelante, "Junta" o "Recurrida"), depositada en el correo postal el 18 de mayo de 2026. En el referido dictamen, la Junta adjudicó la buena pro del Renglón Núm. 03 de la Subasta General 2026-2027-01 a la compañía Asphalt Solutions Toa Alta, LCC.

De conformidad con las disposiciones de la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, eximimos a la parte recurrida de presentar su alegato en oposición, y por los fundamentos que expondremos a continuación, se *revoca* la determinación emitida por la Junta.[1]

---

[1] *Véase*, Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re* Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

**I.**

Los hechos del presente caso se originaron el 13 de abril de 2026, fecha en que la Junta llevó a cabo la apertura de sobres correspondiente a la Subasta General 2026-2027-01. En dicha subasta participaron las siguientes empresas, a saber: (1) GT Construction, (2) Transporte Rodríguez; (3) Puerto Rico Asphalt y (4) Asphalt Solutions Toa Alta, LLC. Luego de evaluar las licitaciones sometidas, la Recurrida determinó adjudicar la buena pro del Renglón Núm. 03 a Asphalt Solutions Toa Alta, LLC, por considerar que su propuesta constituía la oferta más ventajosa para el Municipio y la más acorde con el interés público. En este contexto, mediante carta fechada el 14 de abril de 2026, la Recurrida notificó a Transporte Rodríguez que su propuesta no había sido favorecida.

Inconforme con la referida adjudicación de la Junta, el Recurrente acudió ante este foro intermedio mediante el recurso de epígrafe, en el que señaló la comisión del siguiente señalamiento de error:

> Erró la Junta de Subasta del Municipio de Ciales al emitir una Notificación de la Junta de Subastas, defectuosa, atípica y contraria a derecho en relación a la Subasta general 2026-2027-01; Renglón #03.

**II.**

**A.**

El procedimiento de subasta pública es esencial para la contratación de servicios por parte de las agencias gubernamentales y está revestido del más alto interés público. Maranello v. O.A.T., 186 DPR 780, 789 (2012). El Tribunal Supremo de Puerto Rico ha declarado que en materia de adjudicación de subastas "la buena administración de un gobierno es una virtud de democracia, y parte de una buena administración implica llevar a cabo sus funciones como comprador con eficiencia, honestidad y corrección para proteger los intereses y dineros del pueblo al cual dicho gobierno representa". Mar-Mol Co., Inc. v. Adm. Servicios Gens., 126 DPR 864, 871 (1990).

Conforme con lo anterior, el objetivo fundamental de las subastas es proteger al erario mediante la construcción de obras y la adquisición de servicios de calidad para el Gobierno al mejor precio posible. RBR Const., S.E. v. A.C., 149 DPR 836, 848-849 (1999). Para ello es necesario que haya competencia en las proposiciones, fomentando a su vez la competencia libre y transparente entre el mayor número de

licitadores, de manera que el Estado consiga realizar la obra al precio más bajo posible. Íd. De este modo, se evita el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia y el descuido al otorgarse los contratos y se minimizan los riesgos de incumplimiento. Cancel v. Mun. de San Juan, 101 DPR 296, 300 (1973).

En el caso de los municipios, los procesos de subasta están gobernados por la Ley Núm. 107-2020, según enmendada, conocida como el "Código Municipal de Puerto Rico", 21 LPRA sec. 7001 *et seq.* (en adelante, "Ley Núm. 107-2020"). Dicha ley establece normas generales para la adquisición de materiales y servicios. Además, requiere que cada Municipio constituya una Junta de Subastas que se encargará de adjudicar todas las subastas que se requieran por ley, reglamento u ordenanza. 21 LPRA sec. 7214. Dispone, también, que los acuerdos y resoluciones de la Junta deben tomarse por la mayoría total de sus miembros, excepto que otra cosa se disponga. 21 LPRA sec. 7215.

De conformidad, la Ley Núm. 107-2020 requiere la celebración de una subasta para la adquisición de bienes que excedan de cien mil dólares ($100,000.00) y toda obra de construcción o mejora pública por contrato que exceda de la cantidad de quinientos mil dólares ($500,000.00). 21 LPRA sec. 7211 (a) (b). Cuando se trata de compras, construcción o suministros de servicios, la subasta se adjudicará al postor razonable más bajo. 21 LPRA sec. 7216 (a). No obstante, la Junta podrá adjudicar a un postor que no necesariamente sea el más bajo, "si con ello se beneficia el interés público". Íd. En tal caso, "la Junta deberá hacer constar por escrito las razones aludidas como beneficiosas al interés público que justifican tal adjudicación". Íd. Como parte de los criterios de adjudicación que el organismo debe considerar, la Ley Núm. 107-2020, *supra*, establece que:

La Junta hará las adjudicaciones tomando en consideración que las propuestas sean conforme a las especificaciones, los términos de entrega, la habilidad del postor para realizar y cumplir con el contrato, la responsabilidad económica del licitador, su reputación e integridad comercial, la calidad del equipo, producto o servicio y cualesquiera otras condiciones que se hayan incluido en el pliego de subasta. Íd.

Al considerar las ofertas de los licitadores, la Junta podrá hacer adjudicaciones por renglones, si así el interés público se beneficia. Íd. La Junta también tiene autoridad para rechazar las propuestas que reciba como resultado de una convocatoria cuando el licitador carece de responsabilidad o tiene una

deuda con el Gobierno municipal, estatal o federal o que la naturaleza o calidad de los suministros, materiales o equipos no se ajustan al pliego de la subasta, o que los precios cotizados son irrazonables o cuando el interés público se beneficie con ello. 21 LPRA sec. 7216 (b).

En lo que compete a la revisión judicial de las determinaciones de la Junta de Subastas de un municipio, el Artículo 1.050 del Código Municipal de Puerto Rico establece lo siguiente:

> El Tribunal de Apelaciones revisará, el acuerdo final o adjudicación de la Junta de Subastas, el cual se notificará por escrito y mediante copia por correo escrito regular y certificado o mediante correo electrónico a la(s) parte(s) afectada(s). La solicitud de revisión se instará dentro del término jurisdiccional de diez (10) días contados desde el envío de correo electrónico o depósito en el correo de la copia de la notificación del acuerdo final o adjudicación. La notificación deberá incluir el derecho de la(s) parte(s) afectada(s) de acudir ante el Tribunal de Circuito de Apelaciones para la revisión judicial; término para apelar la decisión; fecha de archivo en auto de la copia de la notificación y a partir de qué fecha comenzará a transcurrir el término. 21 LPRA sec. 7081.

Entretanto, el Artículo 2.040 del referido estatuto preceptúa que:

> La Junta de Subasta notificará a los licitadores no agraciados **las razones por las cuales no se le adjudicó la subasta.** Toda adjudicación tendrá que ser notificada a cada uno de los licitadores, apercibiéndolos del término jurisdiccional de diez (10) días para solicitar revisión judicial de la adjudicación ante el Tribunal de Apelaciones, de conformidad con el Artículo 1.050 de este Código. 21 LPRA sec. 7216 (énfasis suplido).

**B.**

La notificación adecuada de las decisiones administrativas o municipales es parte del principio constitucional de que todo ciudadano ostenta un derecho a un debido proceso de ley. Colón Torres v. A.A.A., 143 DPR 119, 124 (1997). La notificación sirve un propósito lógico y sabio en la administración de la justicia, al proteger el derecho de la parte afectada a procurar la revisión judicial de un dictamen adverso. Mun. San Juan v. Plaza Las Américas, 169 DPR 310, 329 (2006); Rivera Rodríguez & Co. v. Lee Stowell, etc., 133 DPR 881, 889 (1993).

La notificación concede a las partes la oportunidad de tomar conocimiento real de la acción tomada y otorga a las personas, cuyos derechos pudieran quedar afectados, la oportunidad de decidir si ejercen los remedios que la ley les reserva para impugnar la determinación. Asoc. Vec. Altamesa Este v. Municipio de San Juan, 140 DPR 24, 34 (1996). Ante ello, resulta indispensable que se notifique adecuadamente cualquier determinación que afecte los intereses de una parte. Íd.

En el contexto de la adjudicación de una subasta municipal, se ha determinado que su validez depende de que se le incluya una advertencia sobre su "derecho a procurar una revisión judicial; el término disponible para así hacerlo y la fecha del archivo en autos de una copia de la notificación de la adjudicación". IM Winner, Inc. v. Mun. de Guayanilla, 150 DPR 30, 35-36 (2000). Ahora bien, dichos elementos no constituyen una enumeración taxativa de las exigencias requeridas en nuestro ordenamiento para que este tipo de notificaciones se consideren adecuadas. Además, las juntas de subastas municipales tienen el deber de incluir los fundamentos que justifican su determinación, aunque sea de forma breve, sucinta o sumaria. Torres Prods. v. Junta Mun. Aguadilla, 169 DPR 886, 894 (2007). "Al requerir que se incluyan los fundamentos en la notificación, nos aseguramos de que los tribunales puedan revisar dichos fundamentos para determinar si la decisión fue una arbitraria, caprichosa o irrazonable". Pta. Arenas Concrete, Inc. v. J. Subastas, 153 DPR 733, 742 (2001). Así, se protege el interés de la parte adversamente afectada por dicha determinación para que pueda ejercer efectivamente su derecho a revisar la misma, puesto que "no se podría cuestionar judicialmente lo que no se conoce". IM Winner, Inc. v. Mun. de Guayanilla, *supra*, pág. 38.

Por consiguiente, el Tribunal Supremo ha sido enfático en que las adjudicaciones de subastas llevadas a cabo por municipios o por agencias gubernamentales deben incluir, al menos, lo siguiente: (1) los nombres de los licitadores que participaron en la subasta y una síntesis de sus propuestas; (2) los factores o criterios que se tomaron en cuenta para adjudicar la subasta; (3) los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos; y (4) la disponibilidad y el plazo para solicitar la reconsideración y revisión judicial. Pta. Arenas Concrete, Inc. v. J. Subastas, *supra*, págs. 743-744.

El deber de notificar a las partes una determinación de manera adecuada y completa no constituye un mero requisito. Olivo v. Srio. de Hacienda, 164 DPR 165, 178 (2005). Una notificación insuficiente puede traer consigo consecuencias adversas a la sana administración de la justicia, además de que puede demorar innecesariamente los procedimientos administrativos y, posteriormente, los judiciales. Íd. A la luz de lo anterior, se ha resuelto que, si una parte no es notificada

de la determinación administrativa o municipal conforme a derecho, **no se le pueden oponer los términos jurisdiccionales para recurrir de la misma**. Comisión Ciudadanos v. G.P. Real Property, 173 DPR 998, 1015 (2008).

En fin, la correcta y oportuna notificación de una decisión final, sea judicial o administrativa, es un requisito *sine qua non* para un ordenado sistema judicial. De lo contrario, se crearía una incertidumbre sobre cuándo comienzan los términos para incoar los remedios *post-dictamen*, entre otras graves consecuencias y demoras. Dávila Pollock *et al* v. R. F. Mortgage, 182 DPR 86, 94 (2011).

**III.**

Transporte Rodríguez argumenta, entre otras cosas, que la Junta actuó sin autoridad, al adjudicar la Subasta General 2026-2027-01, sin especificar los precios de los licitadores participantes, ni incluir una síntesis de sus propuestas, como tampoco detallar las razones que justifican la adjudicación de la subasta a los proponentes escogidos. Le asiste la razón. Veamos.

De un examen detallado de la carta emitida por la Junta, advertimos que esta carece de los fundamentos que justifican su validez. Pta. Arenas Concrete, Inc. v. J. Subastas, *supra*. De una mera lectura de la misma, no hallamos un resumen de las propuestas presentadas por los licitadores participantes. Pta. Arenas Concrete, Inc. v. J. Subastas, *supra*. Tampoco encontramos los criterios que consideró para adjudicar la buena pro, ni los defectos que halló al momento de evaluar la propuesta del Recurrente para rechazarla.

Tales omisiones revisten particular importancia, pues la mera comunicación del resultado de una subasta no satisface las exigencias jurisprudenciales aplicables a este tipo de procedimiento. La notificación debe contener información suficiente para que los licitadores afectados conozcan las bases de la determinación administrativa y puedan evaluar adecuadamente si existen fundamentos para impugnarla. De igual forma, la inclusión de tales fundamentos permite que el foro revisor examine si la adjudicación respondió a criterios razonables, objetivos y compatibles con el interés público.

A la luz de lo anterior, es forzoso colegir que la notificación de la adjudicación de la subasta que nos ocupa es insuficiente en derecho para cumplir con el estándar de adecuacidad establecido por nuestro Tribunal Supremo. La carta que

emitió la Junta afectó el derecho del Recurrente y del restante de las partes perdidosas de cuestionar la adjudicación de la subasta y la facultad de los tribunales de revisar la razonabilidad de la determinación emitida. En consecuencia, ante una notificación defectuosa el término para acudir en revisión judicial no comenzó a transcurrir.

En consecuencia, procede revocar la determinación impugnada y devolver el caso para que se emita una notificación que cumpla con los requisitos establecidos por nuestro ordenamiento jurídico y la jurisprudencia aplicable.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Sentencia*, revocamos la determinación recurrida y se devuelve el caso a la Junta de Subastas del Municipio de Ciales para que emita una notificación adecuada, conforme con lo aquí resuelto. Una vez esta se emita, la parte adversamente afectada podrá, de entenderlo pertinente, presentar un nuevo recurso de revisión judicial.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones